UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GERARDO DA SILVA, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 11-11416-JLT |
| | * |
| U.S. BANK, N.A., | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER

August 8, 2012

TAURO, J.

I. Introduction

Plaintiff Gerardo Da Silva brings this suit against Defendant U.S. Bank, N.A. seeking, *inter alia*, to enjoin Defendant from foreclosing upon property owned by Plaintiff. Presently at issue is Defendant's Motion to Dismiss Plaintiff's Verified Complaint [#5] and Defendant's Motion to Dissolve Prelimi[n]ary Injunction [#9]. For the reasons stated below, Defendant's Motions are ALLOWED.

II. Background[1]

The facts in this case can be summarized briefly. Plaintiff is the owner of 2244 Washington Street in Holliston, Massachusetts (the "Property").[2] Plaintiff and Defendant entered into a loan agreement on or about September 20, 2004, whereby the Plaintiff received

---

[1] Because the issues analyzed here arise in the context of a motion to dismiss, this court presents the facts as they are related in Plaintiff's Verified Complaint [#3-2], Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), and construes those facts in the light most favorable to Plaintiff, see Pettengill v. Curtis, 584 F. Supp. 2d 348, 362 (D. Mass. 2008) (quoting Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007)).

[2] V. Compl. ¶ 4 [#3-2].

$273,581.00 in exchange for an interest in the Property.[3]

On August 5, 2010, Plaintiff's counsel sent Defendant a Chapter 93A demand letter. The letter stated that the loan violated numerous state and federal laws, and requested a modification to the terms of the loan.[5] Defendant did not respond.[6]

On June 21, 2011, Plaintiff received a letter from Defendant's counsel informing Plaintiff of Defendant's intention to foreclose on the property as early as July 21, 2011.[7] On July 17, 2011, Plaintiff's counsel contacted Defendant and Defendant's counsel, both of whom stated that the loan was being considered for modification under the Home Affordable Modification Program ("HAMP").[8] They informed Plaintiff's counsel that they, nevertheless, planned to proceed with the scheduled foreclosure.[9]

Plaintiff filed the current lawsuit in the Superior Court of the Commonwealth of Massachusetts on July 18, 2011. Plaintiff brought the following three grounds for enjoining the foreclosure: "(a) the Defendant's failure to act in good faith and in a commercially reasonable manner relative to this loan; (b) the Defendant's violations of Chapter 93A of the Massachusetts General Laws and (c) the Defendant's lack of legal standing to foreclose on the property in

---

[3] V. Compl. ¶¶ 5-6.

[5] V. Compl., ex. B.

[6] V. Compl. ¶ 13.

[7] V. Compl., ex. A.

[8] V. Compl. ¶ 14.

[9] V. Compl. ¶ 14.

2

question."[10] On July 18, 2011, the state court issued a preliminary injunction enjoining Defendant from foreclosing on the Property. On August 8, 2011, Defendant filed a <u>Notice of Removal</u> [#1] removing the case to the United States District Court for the District of Massachusetts. Defendant filed a <u>Motion to Dismiss Plaintiff's Verified Complaint</u> [#5] on August 31, 2011, and a <u>Motion to Dissolve Prelimi[n]ary Injunction</u> [#9] on November 8, 2011. The court held a hearing on June 28, 2012, and took the motions under advisement.

III. <u>Discussion</u>

In order "to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'"[11] The complaint must present more than "labels and conclusions or a formulaic recitation of the elements of a cause of action . . . ."[12] Even though the court construes the facts in the light most favorable to the plaintiff, "[t]he court need not accept a plaintiff's assertion that a factual allegation satisfies an element of a claim, nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion."[13]

As stated above, the <u>Verified Complaint</u> contains three grounds for enjoining the foreclosure. The <u>Verified Complaint</u>, however, does not clearly state Plaintiff's claims. In its <u>Motion to Dismiss Plaintiff's Verified Complaint</u>, Defendant divides Plaintiff's claims into the following four categories: "(1) the terms of the loan violated various federal and state statutes; (2)

---

[10] <u>V. Compl.</u> ¶ 8.

[11] <u>Rodriguez-Ortiz</u>, 490 F.3d at 95 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 559 (2007)).

[12] <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

[13] <u>Cordero-Hernandez v. Hernandez-Ballesteros</u>, 449 F.3d 240, 244 n.3 (1st Cir. 2006).

3

[Defendant] failed to comply with certain directives under the HAMP; (3) [Defendant] failed to respond to a purported Chapter 93A demand letter; and (4) [Defendant] lacked standing to foreclose."[14] The court will discuss each of these four allegations in turn.

A.  The Terms of the Loan Violated Various Federal and State Statutes

On August 5, 2010, Plaintiff's counsel mailed Defendant a Chapter 93A demand letter stating that the loan violated Mass. Gen. Laws ch. 93A; Mass. Gen Laws ch. 183C, §§2, 3, 4, and 18(a); the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*; and the Real Estate Settlement and Procedures Act (RESPA), 12 U.S.C. § 2610 *et seq.*[15] The court will not address the substance of these claims because each one is clearly time-barred.

Claims brought under Mass. Gen. Laws ch. 93A are subject to a four-year statute of limitations. Mass. Gen. Laws ch. 260, § 5A reads: "Actions arising on account of violations of . . . chapter ninety-three A . . . whether for damages, penalties or other relief and brought by any person . . . shall be commenced only within four years next after the cause of action accrues." The cause of action accrues "when the plaintiff knew or should have known of appreciable harm resulting from the defendant's [actions]."[16] A violation involving an issuance of a loan begins to

---

[14] Mem. Law Supp. Def.'s Mot. Dismiss Pl.'s V. Compl., at 2 [#6].

[15] The letter also states: "The first mortgage loan contains a violation of FACTA as found at 15 U.S.C., Section 1681(g) and Section 609(g)(1)(D)." V. Compl. ex B. "FACTA" stands for the Fair and Accurate Credit Transactions Act. While FACTA exists, 15 U.S.C. § 1681(g) does not. 15 U.S.C. § 1681g exists, but it is part of the Fair Credit Reporting Act, not FACTA. 15 U.S.C. § 609 has, additionally, been repealed. Because the court is unsure which statute Plaintiff claims the loan violated, the court declines to address FACTA, 15 U.S.C. § 1681(g), 15 U.S.C. § 1681g, or 15 U.S.C. § 609.

[16] Schwartz v. Travelers Indem. Co., 740 N.E.2d 1039, 1044 (Mass. App. Ct. 2001) (quoting Int'l Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 560 N.E.2d 122, 124 (Mass. App. Ct. 1990)).

4

accrue from the moment the parties entered into the loan.[17] Here, the parties entered into the loan on or about September 20, 2004. The four-year statute of limitations expired on or about September 20, 2008. Plaintiff did not send his demand letter to Defendant until August 5, 2010, well after the four-year statute of limitations expired. Plaintiff's claims, to the extent they are based on violations of Mass. Gen. Laws ch. 93A are, therefore, time-barred.

Claims brought under Mass. Gen. Laws ch. 183C have a five-year statute of limitations that accrues from the date of the closing.[18] Here, the statute of limitations expired on or about September 20, 2009, almost an entire year before Plaintiff mailed his demand letter to Defendant. Plaintiff's claim of violation of Mass. Gen. Laws ch. 183C is time-barred.

Claims under TILA have a one-year statute of limitations that begins to run from the date of the violation.[19] Claims under RESPA have either a one-year or three-year statute of limitations that begins to run from the date of the violation.[20] Plaintiff's demand letter is vaguely written, without reference to the specific sections of TILA and RESPA that Plaintiff claims Defendant

---

[17] Maldonado v. AMS Servicing LLC, No. 11-40044-FDS, 11-40219-FDS, 2012 WL 220249, at *5 (D. Mass. Jan. 24, 2012) ("Because any violation of Chapter 93A would not have been 'inherently unknowable' at the time of the loan, the Chapter 93A cause of action accrued when the loan was made on December 11, 2006.").

[18] Mass. Gen. Laws ch. 183C, § 15(b)(1) ("A borrower may bring an original action for a violation of this chapter in connection with the loan within five years of the closing of a high-cost home mortgage loan[.]").

[19] 15 U.S.C. § 1640(e) ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation . . . .").

[20] 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court . . . within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation . . . .").

violated. In Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint [#8], Plaintiff neither clarifies his claims nor disputes that these claims are stale. In the demand letter, Plaintiff alleges that the date of the alleged violation occurred in 2004 when the parties entered into the loan. The claims, thus, are clearly precluded by operation of the limitation period of both statutes. Even if Plaintiff was bringing a claim under the three-year statute of limitations for violations of certain sections of RESPA, those claims would have expired in 2007. Plaintiff did not file suit until 2011, seven years after the alleged violations. The court finds, therefore, that Plaintiffs claims under TILA and RESPA are time-barred.

B. Defendant Failed to Comply with Certain Directives under the HAMP

Plaintiff also alleges that Defendant failed to comply with a series of Treasury Department directives that deal with HAMP. It is clear that HAMP does not create a private right of action.[21] Individuals may, nevertheless, bring a claim for violation of HAMP under Mass. Gen. Laws ch. 93A if the violations amount to unfair or deceptive business practices.[22] The court analyzes the following three questions when determining whether violations of HAMP give rise to a claim under Chapter 93A: "(1) whether there [is] a HAMP violation, (2) whether the violation consists of conduct that would be independently actionable under Chapter 93A, and (3) whether, if the conduct is actionable, recovery under Chapter 93A is consistent with the objectives and enforcement mechanisms of HAMP."[23]

---

[21] See, e.g., Stagikas v. Saxon Mortg. Services, Inc., 795 F. Supp. 2d 129, 135 (D. Mass. 2011).

[22] See Morris v. BAC Home Loans Servicing, L.P., 775 F. Supp. 2d 255, 258-59 (D. Mass. 2011).

[23] Maldonado, 2012 WL 220249, at *6.

6

There is no need to analyze these questions in this case because Plaintiff has not offered any evidence that he complied with the demand letter requirement of a Chapter 93A claim. When bringing a claim for a violation of Chapter 93A, the party seeking relief must present the other party with a written demand for relief at least thirty days before filing a suit.[24] The demand letter is a condition precedent to filing suit.[25] The demand letter must "identify[] the claimant and reasonably describ[e] the unfair or deceptive act or practice relied upon and the injury suffered . . . ."[26] Because the claimant must specifically describe the acts or practices relied upon, "[s]eparate relief on actions not so mentioned is foreclosed as a matter of law."[27] This is in line with the purposes behind a demand letter, which are; "to encourage negotiation and settlement by notifying prospective defendants of claims arising from allegedly unlawful conduct . . . . [and] to operate as a control on the amount of damages which the complainant can ultimately recover if he proves his case."[28] There can, clearly, be no opportunity to settle a claim if that claim is not mentioned in the demand letter. A demand letter also cannot operate to control damages if the complainant can bring claims not mentioned in the demand letter.

---

[24] Mass. Gen. Laws ch. 93A, § 9(3).

[25] Arazi v. Saxon Mortg. Serv's, Inc., No. 11-11356-RGS, 2011 WL 551914, at *2 (D. Mass. Nov. 14, 2011) ("The demand letter is a prerequisite to suit and must describe the underlying facts with reasonable specificity." (citations omitted)).

[26] Mass. Gen. Laws ch. 93A, § 9(3).

[27] Clegg v. Butler, 676 N.E.2d 1134, 1141 (Mass. 1997) (quoted in Passatempo v. McMenimen, 960 N.E.2d 275, 293 (Mass. 2012)).

[28] Slaney v. Westwood Auto, Inc., 322 N.E.2d 768, 779 (Mass. 1975); see also Entrialgo v. Twin City Dodge, Inc., 333 N.E.2d 202, 204 (Mass. 1975) ("The purpose of the demand letter is to facilitate the settlement and damage assessment aspects of c. 93A and as such the letter and notice therein is a procedural requirement, the absence of which is a bar to suit.").

Here, Plaintiff mailed Defendant a demand letter in August 2010. This letter, though, did not mention any possible violations of HAMP, nor could it because all the alleged HAMP violations occurred after August 2010. The HAMP violations that Plaintiff mentions in the <u>Verified Complaint</u> are connected to actions taken as Defendant proceeded with foreclosure in 2011. This demand letter, thus, could not have touched upon the HAMP violations, and simply does not satisfy the requirement that Plaintiff mail Defendant a demand letter "reasonably describing the unfair or deceptive act or practice relied upon . . . ."[29] The demand letter did ask for a loan modification, but does not state any HAMP violations or even mention HAMP directly. Based on this demand letter, Defendant could not have had opportunity to settle HAMP violations that had not occurred. The demand letter, also, could not operate to control the damages sought by Plaintiff. There is, lastly, no indication that Plaintiff mailed Defendant a demand letter and simply did not plead this fact in the <u>Verified Complaint</u>. Without a demand letter stating the specific alleged violations, Plaintiff cannot proceed with a claim of violation of Mass. Gen. Laws ch. 93A.

C. <u>Defendant Failed to Respond to a Purported Chapter 93A Demand Letter</u>

Plaintiff also alleges that Defendant failed to respond to the demand letter that Plaintiff mailed to Defendant in August 2010. Notwithstanding the fact that Plaintiff's August 2010 demand letter only included time-barred claims, a failure to respond to a demand letter does not in and of itself constitute a valid claim under Chapter 93A.[30] Defendant's failure to respond to

---

[29] Mass. Gen. Laws ch. 93A, § 9(3).

[30] <u>See</u> <u>Dawe v. Capital One Bank</u>, No. 04-40192-FDS, 2007 WL 3332810, at * 1 n.2 (D. Mass. Oct. 24, 2007) ("To the extent that plaintiff alleges violations of Chapter 93A based on defendant's response to plaintiff's demand letter, that allegation is subject to dismissal for failure

8

Plaintiff's demand letter is, therefore, not a valid claim.

  D. Defendant Lacked Standing to Foreclose:

In Plaintiff's Verified Complaint, Plaintiff states, "Defendant lacks legal standing to foreclose because it has not acquired legal ti[t]le to the note and the underlying mortgage."[31] Plaintiff offers no further factual allegations explaining its position. In Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint, Plaintiff does not address this allegation at all. Plaintiff's statement, without further factual allegations demonstrating that Defendant truly lacks legal title, is a legal conclusion, and the court need not accept it.[32] This allegation is, therefore, dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

IV. Conclusion

  For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Verified Complaint [#5] and Defendant's Motion to Dissolve Prelimi[n]ary Injunction [#9] are ALLOWED. This case is CLOSED.

IT IS SO ORDERED.

              /s/ Joseph L. Tauro
              United States District Judge

---

to state a claim because a failure to respond or an inadequate response to a demand letter is not itself a violation of Chapter 93A."); Leet v. Cellco Partnership, No. 06-40096-FDS, 2007 WL 3332803, at *2 (D. Mass. Oct. 19, 2007).

[31] V. Compl. ¶ 29.

[32] Iqbal, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" (quoting Twombly, 550 at 557)).